### GEORGE P. LEVY v. C. S. MADDOX.

#### No. 6990.

1. **Parol Agreement Fixing Disputed Division Line.**—Agreements of a recent date fixing a boundary line where there was doubt and whether the parties were right or wrong in their belief that the line they established and agreed upon as the boundary of their land was precisely where it ought to be, have been favored and upheld. Such is the case made by the facts in this appeal.

2. **Practice on Appeal.**— Objection to parol testimony made first on appeal will not be considered.

APPEAL from Parker. Tried below before Hon. Geo. A. McCall. The opinion states the case.

*Harcourt & Ball,* for appellant.—1. It was disclosed on the trial that there was a written agreement between A. J. Neal and J. H. Kennehan fixing the division line. This was the best evidence of their agreement, and no predicate was laid for the introduction of parol proof. Sayles' Civ. Stats., art. 2245.

2. Under the plea of not guilty the court could not inquire into or consider the evidence involving affirmative equitable relief. Ayres v. Duprey, 27 Texas, 594; Rippetoe v. Dwyer, 49 Texas, 498; Williams v. Barnett, 52 Texas, 130.

This was not a case of disputed boundary or a compromise of a division line, as made by the pleadings, and it was an immaterial issue and found by the court without allegation or proof.

*E. P. Nicholson,* for appellee.—1. When evidence was admitted without objection in a lower court, it is too late to make objection for the first time in this court.

2. Under his plea of not guilty he could prove any fact which tends to sustain his title, except limitation. Sayles' Civ. Stats., art. 4793;

Williams v. Barnett, 52 Texas, 130; McNamara v. Muensch, 66 Texas, 68; McCamy v. Thorp, 61 Texas, 648; Watson v. Hewitt, 45 Texas, 472.

Either a legal or equitable defense, which amounts to an estoppel, may be set up without being specially pleaded. Johnson v. Byler, 38 Texas, 606; Ragsdale v. Gohlke, 36 Texas, 286.

GARRETT, PRESIDING JUDGE, *Section B.*—This was an action of trespass to try title to a strip of land twenty-two inches by seventy feet in the town of Weatherford. The petition is in form, and the defendant pleaded not guilty. A jury was waived and the cause was submitted to the court. Judgment was rendered in favor of the defendant, and the judge filed his conclusions of fact as follows:

"1. That prior to the 11th of November, 1884, one A. J. Neal owned and possessed the parts of lots Nos. 3 and 4, in block 17, in the city of Weatherford, described in plaintiff's petition.

"2. That at the same date one J. H. Kennehan owned the lot adjoining A. J. Neal's said lot, on the south side of the same, in Weatherford.

"3. That J. H. Kennehan was desirous of building a stone house upon his lot, and that he and A. J. Neal each employed a surveyor and they made two surveys, which agreed, and placed the line between them at the same place, and thereupon Neal and Kennehan agreed orally that the line as surveyed by both surveyors should be the line between them, and thereupon Kennehan on the faith of the agreement built the wall of his house on said line as agreed upon, the said line being on the center of the wall, it being understood that Neal was to have the use of one-half of the wall.

"4. Each party supposed this was the true line between them, but in point of fact the true line is twenty-two inches south of the agreed line.

"5. Plaintiff bought from A. J. Neal, knowing of the agreement, and knowing of this wall having been built.

"6. J. H. Kennehan sold to Bridge, Beach & Co., and Bridge, Beach & Co. sold to the defendant, and defendant is in possession under his title."

Appellant has assigned as errors:

1. The admission of oral evidence as to an agreement between Neal and Kennehan relating to the division line between the two lots of land.

2. The finding of the court that Kennehan built his wall on Neal's lot on faith of the agreement as to line.

3. The finding that plaintiff had knowledge of the agreement.

4. That Maddox was in possession under his title.

5. The court erred in the conclusions of fact in failing to find the material fact that the plaintiff had a valid legal title to the twenty-two inches of the lot sued for, and that the two surveyors had made a mistake of twenty-two inches in the measurement of the lots, without any

fault of the plaintiff or his vendor A. J. Neal, and that the agreement as to the locality of the line was made under a misapprehension and ignorance of the facts.

6. The court erred in the conclusions of law: The proof shows that the plaintiff had a valid legal title to the land sued for and was entitled to a judgment for the same with a writ of possession.

7. The court erred in deciding that the agreement was binding, though made by the mistake of the surveyors, and in giving equitable relief in an action of trespass to try title, under the plea of not guilty, when it was not specially pleaded and no offer to do equity.

The first error assigned can not be considered, as the question has been raised for the first time in this court. It would seem from an inspection of the statement of facts found in the record that the agreement was in writing, but evidence thereof having been admitted without objection, and the terms thereof ascertained, it can not be seen how the appellant was injured by the finding that the agreement is oral, for if the oral agreement was such as would bind the parties as to the boundaries the reason is stronger that a written agreement would do so. Still, the finding of the court in this respect is not questioned. The only question presented is as to the admission of oral evidence to prove a written agreement, and that not properly.

This case having been tried by the court without a jury, the findings of the court indicated and questioned in appellant's second and third errors assigned not appearing to be unsupported by the evidence will not be disturbed by us. These findings, however, appear to be fully supported by the evidence.

The only question properly before this court arises from a consideration of the remaining paragraphs of the appellant's assignment of errors, and it goes to the foundation of the suit; and that is, the validity of the agreement between Neal and Kennehan fixing the line between their lots. They owned adjoining lots. Kennehan desiring to build a stone house on his lot, had a survey made. Neal also employed a surveyor and had another survey made, and the two surveys agreed, and thereupon Neal and Kennehan agreed that the line as fixed by the surveyors should be the line between them, and on faith of this agreement Kennehan built the wall of his house on the agreed line. This court has frequently passed on questions of boundary, and as has been frequently cited, "these settlements of boundary are common, beneficial, approved, and encouraged by the courts, and ought not to be disturbed, though it was afterward shown that they had been erroneously settled. Convenience, policy, necessity, justice, all unite in favor of such an amicable settlement." While the large majority of cases passed upon in this State present questions of acquiescence, partition, compromise, and arbitration, still agreements of a recent date, where there was doubt, and whether the parties were right or wrong in their belief that

the line they established and agreed upon as the boundary of their land was precisely where it ought to be, have been encouraged, favored, and upheld in a number of cases.

Upon the authority of Cooper v. Austin, 58 Texas, 494, and the cases cited and discussed by Judge West in delivering the opinion of the court in that case, we conclude that there was no error in the judgment of the court below, and that it ought to be affirmed.

· . *Affirmed.*

Adopted May 26, 1891.