## M. J. Bailey v. John Baker et al.

### No. 293.

1. **Agreed Boundary Line.** — Long acquiescence is not necessary to give binding effect to a parol agreement between adjacent land owners fixing the division line between them. Acquiescence for any definite time was not necessary.

2. **Practice — Issues — Charge.** — Two defendants were sued, the controversy involving a boundary line. One of the defendants did not plead limitations. The other pleaded limitation of three and five years, but exhibited no deed as basis for his possession. *Held*, error to submit limitations as a defense.

Appeal from Bell. Tried below before Hon. W. A. Blackburn.

*Harris & Saunders*, for appellant.— 1. Time and long acquiescence are not necessary to the validity of a parol agreement fixing the dividing line by compromise between adjacent surveys of land.

2. The charge of the court to the jury must conform to the case made by the pleadings and to the evidence adduced on the trial. Rev. Stats., art. 1317; Mitchell v. Zimmerman, 4 Texas, 75; Love v. Wyatt, 19 Texas, 312; Norvill v. Onry, 13 Texas, 31; Dodd v. Arnold, 28 Texas, 97; Loving v. Dixon, 56 Texas, 75; Markham v. Carothers, 47 Texas, 22; Smith v. Montes, 11 Texas, 24; Austin v. Talk, 20 Texas, 164; Andrews v. Marshall, 26 Texas, 212; Austin v. Talk, 26 Texas, 130; Andrews v. Smithwick, 20 Texas, 111; Blanton v. Mays, 58 Texas, 422; Cook v. Dennis, 61 Texas, 246.

*Monteith & Furman*, for appellees.

COLLARD, Associate Justice.—This is an action in form of trespass to try title, brought on December 23, 1889, by appellant, M. J. Bailey, against appellees, John Baker and Newt Wear, for the east half of the Rhoda Reed 640 acres survey, to which he deraigned title. Both defendants filed pleas of not guilty, and defendant Baker filed pleas of three and five years limitation. Defendant Wear was in possession of the eastern part of the M. Young labor, and Baker of the whole of the Weeks labor.

The north line of the Young labor, prolonged to the west, is the north line of the Weeks. The Young survey calls to begin at the southeast corner of the Reed, and its fourth corner is in the south line of the Reed. The surveys were made about the same time; the Young on July 7, 1845, the Reed in the same month and year (but the day of the month is left blank in the original field notes), and the Weeks on October 12, 1845.

One of the questions in the court below was the true locality of the division line between the Reed on the north and the Young and Weeks on the south, the land in dispute being a strip less than 100 varas in width between them.

The plaintiff, having shown that he was the owner of the Reed survey, offered testimony to show that he and one Ben Ellis, while the latter was the owner of the Young labor, eighteen or twenty years before the trial, had a dispute about the line between them, and that they agreed upon and established the line, and had it run out and marked, and that he, Bailey, being in possession of the Reed, had claimed to that line ever since. This agreed line is south of the line as claimed by defendants, the land in controversy being between these two lines. There was testimony tending to place the true line where defendants claimed it was—north of the alleged agreed line; and also testimony that might place it even some 25 to 30 varas to the south of the agreed line; but plaintiff relied upon the line established by him and Ellis. Both defendants recovered judgment, and plaintiff appealed.

*Opinion.*—Upon the subject of the agreed line, the court instructed the jury, in effect, that if the true boundary between Ellis and plaintiff was unknown to them, and when they were owners of the adjoining surveys, the Reed and the Young, they fairly agreed upon and marked out their division line, and after long acquiescence the true line was found to vary from the one agreed upon, the agreed line would be binding and conclusive between them and those claiming under them.

The plaintiff requested a charge to the same effect, except that it did not require "*long acquiescence*" by the parties to bind them, but only that if, after the agreement, the line was acted upon and acquiesced in by them, it would be binding. The court refused the requested charge, and plaintiff (appellant) assigns the refusal as error.

We concur with plaintiff. Long acquiescence was not necessary to give binding effect to the agreement; acquiescence for any time was not necessary. Cooper v. Austin, 58 Texas, 494; Levy v. Maddox, 16 S. W. Rep., 877; Lecomte v. Toudouze, 82 Texas, 212, 213.

The court below submitted the issue of three years limitation by possession of both defendants, Baker only having set up limitation; and this is assigned as error.

If there was a conflict between the Reed and the Weeks survey, the

plea of limitation of three years, set up by defendant Baker, would have been a proper issue to be submitted to the jury, with explanations as to rights of holders under the senior and junior titles, and as to actual and constructive possession, plaintiff himself being in possession of part of the Reed survey; but it was undoubtedly error to submit such issue as to both defendants.

If Baker had a deed to the whole or any part of the Weeks labor from G. W. Standifer, to whom title was deraigned from the sovereignty of the soil, such deed was not put in evidence, or if in evidence, it was omitted in the statement of facts. In such case, we must sustain the assignment of error, to the effect that the court should not have charged upon limitation of three years at all; Wear not pleading it and Baker failing to show title. His testimony about facts occurring at the time, before, and after he bought from Standifer, merely assumes that there was a conveyance; it does not show from what Standifer, or how much or what part of the Weeks labor he bought.

Other assignments of error need not be considered.

The judgment of the lower court should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered October 11, 1893.