### TURLEY v. CAMPBELL et al.*
(No. 312–3640.)

(Commission of Appeals of Texas, Section A. April 5, 1922.)

Appeal and error ⬅️1175(5)—Court of Civil Appeals not authorized to render judgment on reversing as against preponderance of evidence.

The Court of Civil Appeals, in reversing a judgment as against the preponderance of the evidence, has no authority to render judgment, but must remand the case to the lower court for a new trial.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Emma Burgemeister Turley against Bessie Campbell and others. A judgment for plaintiffs was reversed, and one rendered for the defendants, by the Court of Civil Appeals (229 S. W. 595), and plaintiff brings error. Reversed and remanded to district court.

Chambers, Watson & Johnson, of San Antonio, for plaintiff in error.

Norton & Brown, of San Antonio, for defendants in error.

SPENCER, P. J. The suit was instituted by plaintiff in error against defendants in error to cancel a deed made by plaintiff in error to defendant in error Bessie Campbell to lots No. 58 and 59 in block 3129, in South Park, Hunstock addition to the city of San Antonio. The grounds alleged in the petition charged fraud, overreaching, and misrepresentations upon the part of defendant in error R. Neil Campbell, inducing the execution of the deed.

There were two trials of the case in the district court before the court without a jury, both of which resulted in a judgment for plaintiff in error canceling the deed of conveyance. An appeal was taken from the first judgment to the Court of Civil Appeals for the Fourth District, and upon rehearing that court reversed and remanded the cause upon the sole ground that the evidence was insufficient. The court said:

"If it can be said that the allegations are supported by evidence, we conclude that it is of such an improbable and unsatisfactory nature that the judgment should not be permitted to stand." 224 S. W. 528.

Upon the second appeal, the Court of Civil Appeals found that the case was tried the second time upon the identical statement of facts used in the first trial, and reintroduced in the Court of Civil Appeals on the last appeal. The court also states that the first reversal was because of lack of sufficient and satisfactory evidence to support the alleged fraud. In the last appeal it reversed and rendered the judgment, and in so doing said:

"We regarded that judgment [the first one] of the trial court then, as now, against the preponderance of evidence upon the issue of fraud, that it should not stand and ought to be set aside." 229 S. W. 595.

It was within the power of the Court of Civil Appeals to reverse the judgment of the trial court if in its opinion the judgment was against the preponderance of the evidence; but, if there was any evidence on which, upon another trial, the court or jury might base a verdict, its action in rendering the case was improper. With respect to the latter proposition, the Court of Civil Appeals

does not find that there is no evidence of fraud, but only that the judgment of the trial court is against the preponderance of the evidence. Under such a finding it had no power to render the case; but it was its duty to have remanded it. Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69; Wisdom v. C., R. I. & P. Ry. Co. (Tex. Com. App.) 231 S. W. 345.

In the case of Choate v. Railway, supra, Mr. Chief Justice Gaines, speaking for the court, said:

"It is the province of the jury to determine questions of fact; but it is in the power of the trial judge to set aside the finding and to award a new trial. The Court of Civil Appeals has the same power upon appeal. But clearly the trial court cannot set aside the verdict of the jury and substitute its finding instead of the finding of a jury and render judgment accordingly. To say that the Court of Civil Appeals may do so when there is any conflict in the evidence, is to concede to that court a power over the facts greater than possessed by the [trial] judge who heard the evidence, who had the witnesses before him, and had the opportunity of judging of their credibility by their appearance and manner of testifying."

As the holding of the Court of Civil Appeals was based upon the theory that the judgment of the trial court was against the preponderance of the evidence, and not that there was no evidence, it follows under the well-established practice of the Supreme Court that the judgment should be remanded to the district court for another trial; and we so recommend. Beck v. Texas Co., 105 Tex. 303, 148 S. W. 295; Tweed v. Western Union Telegraph Co., 107 Tex. 247, 166 S. W. 696, 177 S. W. 957.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reversed on finding of Court of Civil Appeals of insufficiency of evidence to support judgment of district court, and cause remanded to the district court.