## FERRILL v. BRYSON.

### No. 1042.

Court of Civil Appeals of Texas. Waco.
March 26, 1931.

Rehearing Denied April 23, 1931.

See, also, 25 S.W.(2d) 1001.

Gib Callaway, of Brownwood, for appellant.

G. E. Smith, of Comanche, for appellee.

ALEXANDER, J.

This was a suit in trespass to try title brought by C. V. Bryson against W. C. Ferrill. It is a second appeal of the same case. 25 S.W.(2d) 1001. Ferrill owned the northwest quarter of section 26 E. T. R. Co. land in Comanche county, and Bryson owned the remainder of the section. The dispute was over the east boundary line of the northwest quarter section. The case was submitted to the jury on special issues, and, based on the answers thereto, the court entered judgment for the plaintiff. The defendant appeals.

The evidence shows that in 1923 the appellant erected a fence on what he claims to be the east line of his land. The appellee claimed that the fence as built by appellant was placed about 221 varas east of where the same should have been placed, and that by reason thereof the appellant has taken possession of a part of appellee's land. The patent to the northwest quarter section was issued in 1898, and the patent to the remainder of the section was issued in 1890. There appears to be a conflict in, or overlapping of, the two surveys. An old fence was erected some time prior to the year 1891 running at an angle across the north half of section 26 and intersecting a fence near the north line of the section. It was located somewhere near the dividing line between the northwest quarter and the northeast quarter of said section. However, this fence did not run in a straight line and did not run at a right angle to the north line of the section. The appellant alleged that he and appellee, as the owners of the respective tracts of land, recognized that the old fence was not on the true line between the two tracts, and that there was a dispute between the owners as to the location of the true line, and that in 1923 he and appellee mutually agreed on the true line between the two tracts of land; that the new line as located by them should govern them in the future as to the ownership of the land; and that by mutual agreement he erected a fence on the new line as agreed to by the parties, and that both parties had since recognized the new fence as being on the true line between their respective tracts. The new fence as erected included the land in dispute as a part of the northwest quarter section.

At the conclusion of the evidence, the appellant requested the court to submit to the jury special issues as to (a) whether in 1923 there was a dispute between the parties as to the true location of the east line of the northwest quarter section, (b) whether the parties agreed to build a fence from the "Holman corner" on the north line of the section straight south, which fence should be the true line between the two tracts of land, and (c) whether the fence was so erected. The court refused to submit these issues and the appellant assigns error.

It is the contention of the appellee that there was no evidence to justify the submission of these issues. The appellee, Bryson, testified that he had had the land in question under fence long enough to hold the same by limitation. He denied that there was any dispute as to the true location of the line and denied making the agreement to erect the fence at the place where it was afterwards built. On the other hand, Ferrill testified that there was a dispute as to the true location of the line, and that he and Bryson mutually agreed to erect a fence through the land in question beginning at the "Holman corner" on the north and running due south. He further testified that Bryson furnished a part of the post for the erection of the fence, and that he (Ferrill) afterwards constructed the fence according to the agreement.

Where the true line between the parties is in doubt, and there is a dispute as to

its true location, the parties may, by oral agreement, locate the line on what they consider to be the true line, and such agreement will be binding on the parties, notwithstanding it may later be ascertained that the line was not established on its true location. Cooper v. Austin, 58 Tex. 494; Levy v. Maddox, 81 Tex. 210, 16 S. W. 877; Lecomte v. Toudouze, 82 Tex. 208, 17 S. W. 1047, 27 Am. St. Rep. 870; McKeon v. Roan (Tex. Civ. App.) 106 S. W. 404. However, in order for such an oral agreement to be valid, there must have been doubt. and a dispute between the parties as to the true location of the line. Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340; Cook's Hereford Cattle Co. v. Barnhart (Tex. Civ. App.) 147 S. W. 662; Ware v. Perkins (Tex. Civ. App.) 178 S. W. 846.

[3, 4] In this case there was doubt as to the true line. The patent to the northwest quarter called for the north line to run 1,171 varas. The patent to the northeast quarter section called for the north line to run 1,091 varas, making the north line 2,262 varas in length. The line was actually only 2.041 varas in length. Bryson was claiming that the line should be somewhere west of the old fence, and, in all events, that he had title by limitation to the old fence. Bryson's right to hold the land to the old fence by limitation had never been litigated. It depended on parole testimony and was therefore an uncertainty. Ferrill was claiming that his line should begin at the "Holman corner" and run due south. The "Holman corner" was east of the old fence. Ferrill's testimony that the parties mutually agreed to locate the line where the new fence was afterwards erected was sufficient to raise a question of fact for the jury. The trial court should have submitted to the jury the special issues requested by the appellant and above referred to.

The other errors complained of will not likely arise on another trial. The judgment of the trial court is reversed and the cause remanded for a new trial.