## MOSLEY et al. v. GULF PRODUCTION CO. et al.

### No. 5161.

Court of Civil Appeals of Texas. Texarkana.

Nov. 18, 1937.

Rehearing Denied Dec. 9, 1937.

A. V. Grant, of Longview, for appellants.

Walter C. Clemons and R. F. Carter, both of Houston, and Edward A. Brown, of Longview, for appellees.

HALL, Justice.

Kinsing Mosley and Alton V. Grant, appellants, plaintiffs below, brought this suit against Gulf Production Company and others, appellees, for title and possession of a small triangular strip of land containing 1.68 acres of land, a part of the Ruddle survey, situated in Gregg county, Tex. Appellants in addition to their action in trespass to try title specially pleaded the ten and twenty-five-year statutes of limitation. Vernon's Ann.Civ. St. arts. 5510, 5519. Appellees answered by general demurrer, general denial, and plea of not guilty, and appellee Gulf

Production Company in addition filed a cross-action against appellants seeking title and possession of said strip of land. Trial was to the court without a jury. At the conclusion of appellants' testimony, on motion of appellees, the court rendered judgment for appellees for title and possession of the strip of land in controversy. From this judgment, appellants prosecute this appeal.

· It appears from record that on October 20, 1924, the heirs of Rufus Mosley, deceased, by partition deed divided a 55-acre tract of land theretofore purchased from T. B. Harris by Rufus Mosley. Appellant Kinsing Mosley, as one of the heirs of Rufus Mosley, received as his portion of said 55-acre tract 7.85 acres which adjoined his sister's, India Anderson's, part on the south. It also appears that shortly after partition of the 55-acre tract India Anderson built a fence near the north end of her tract and near the south line of appellant Kinsing Mosley's tract. Kinsing Mosley was not present when this fence was built but contributed some money toward payment for the wire. He did nothing toward constructing, selecting, or agreeing upon the location of the fence. This fence cut off the land in controversy from the north end of India Anderson's tract, leaving it on the north side of said fence next to Kinsing Mosley's tract. In other words, the strip of land in controversy lies between this fence and the south line of Kinsing Mosley's field-note description of his portion of the 55-acre tract.

Appellants contend (1) that the evidence shows without dispute that the fence built by India Anderson during the latter part of 1924 constituted an agreed boundary line between Kinsing Mosley's land on the north and India Anderson's land on the south; and (2) that the evidence shows without dispute that appellants have title to said strip of land by virtue of the ten-year statute of limitation.

█ No motion was made by appellants requesting the trial court to make and file findings of fact and conclusions of law and none were filed. In these circumstances, judgment of the trial court must be affirmed if it can be sustained on any theory. Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 12 S.W.2d 169; Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111.

█ We shall discuss first the limitation feature advanced by appellants. Appellant Kinsing Mosley testified that the land in controversy was occupied and used by him and his tenants for a period of ten years after the fence was built by his sister, India Anderson; that during this time he collected rents on this land and his inherited portion of his father's estate from his tenants, one of whom was the husband of India Anderson. He testified on cross-examination, however, that he made no claim to any portion of his father's estate other than that part received by him in the division of the said estate until the trial of this case. It is now the settled law of this state that:

"No matter how exclusive and hostile to the true owner the possession may be in appearance, it cannot be adverse unless accompanied by the intent on the part of the occupant to make it so. The naked possession unaccompanied with any claim of right will never constitute a bar. Where a party enters upon land and takes possession without a claim of right, his occupation is subservient to the paramount title, not adverse to it. It is ·nothing more than a trespass, and, no matter how long continued, can never ripen into a good title." Houston Oil Co. v. Stepney, Tex. Civ.App., 187 S.W. .1078, 1084, writ refused, and cases there cited.

In the early case of Charle v. Saffold, 13 Tex. 94, it is said: "The fact of possession, and the intention with which it is taken, are held to be the tests to determine its character, whether adverse or otherwise." Madison v. Fleming, Tex.Civ.App., 283 S.W. 589. It is true, appellant Kinsing Mosley on direct examination testified that he claimed for the full ten-year period all the land of his father's estate north of India Anderson's fence and that he rented to tenants the land north of this fence. But this would, at most, aside from his being an interested party in the case, raise simply an issue of fact to be determined by the court or jury trying same. So we conclude that the trial judge under this evidence was warranted in finding against appellants on their plea of limitation under the ten-year statute.

█ We discuss next the proposition advanced by appellants with respect to the agreed boundary line. The evidence shows that shortly after the partition of the father's estate in 1924, India Anderson

and husband built a fence near her north boundary line. Appellant Kinsing Mosley paid a part of the expense of building this fence. There is no evidence in the record that Kinsing Mosley at the time the fence was built agreed to its location. On the contrary, the record shows affirmatively that he was in Houston, Tex., at the time the fence was built. The evidence nowhere shows that any dispute or controversy arose between Kinsing Mosley and India Anderson respecting the true location of the line between their tracts of land, or that the true location of said line was unknown. The evidence in nowise meets the requirements of the law respecting an agreed boundary line. Ware v. Perkins, Tex.Civ.App., 178 S.W. 846; Voigt v. Hunt, Tex.Civ.App., 167 S.W. 745; Hay v. Briley, Tex.Civ.App., 43 S.W.2d 301; Ferrill v. Bryson, Tex.Civ. App., 37 S.W.2d 841, writ refused.

It is true the evidence shows that Kinsing Mosley and India Anderson have acquiesced in and recognized this line since the fence was constructed in 1924, but such acquiescence is not conclusive as to the nature of said line. It is evidence supporting the contention of an agreed boundary line, and raised a question of fact to be determined, in this instance, by the trial judge. In support of the judgment in this case, we presume that the trial judge found against the contention of appellants respecting an agreed boundary line, inasmuch as the evidence was sufficient to support such a finding. Biggs v. Doak, Tex.Civ.App., 259 S.W. 665.

The trial court in this case was the trier of the facts and, as such, was the judge of the credibility of the witnesses and the weight to be given to their testimony. The whole setup of this case was before him. He could, and no doubt did, note the demeanor of the witnesses while testifying and took cognizance of the interest of each in the outcome of this suit. Under the record as made in this case, we conclude that we would not be justified in setting aside his judgment based upon the evidence introduced before him.

The judgment is affirmed.

WILLIAMS, Justice (dissenting).

The fence was erected in the fall of 1924, shortly after the partition of Rufus Mosley's estate. Appellant on a return visit to the farm in February, 1925, paid to his sister, India Anderson, a part of the cost of the fence. For eleven consecutive years, beginning with and including 1925, to and including 1935, appellant either cultivated or rented the land in controversy to others, collecting third-and-fourth or cash rentals. During these years, this land was cultivated by himself or by his tenants, being cultivated down to the fence in question and used for a pasture in the winter. Appellee's cross-action in trespass to try title was filed on October 16, 1935.

If there be a conflict in the testimony of appellant as to the essential element of claim or intent to claim adversely as discussed in the majority opinion, I am of the opinion that it is of an inconsequential nature. I can conceive of no stronger evidence to express adverse possession or to assert a hostile claim than that of renting the land out and collecting and appropriating the rentals.

For the reasons indicated, I cannot agree with the majority opinion affirming the judgment of the lower court, and feel that the case should be reversed and remanded. Turley v. Campbell, Tex.Com. App., 239 S.W. 603; 5 C.J.S., Appeal and Error, § 1925, p. 1433.