KRUTZ v. FAUGHT.

4-6911                                                    166 S. W. 2d 655

Opinion delivered December 14, 1942.

*Frank C. Douglas,* for appellant.

HOLT, J.   This litigation grew out of a dispute over the boundary line between two tracts of land. Appellants own one of these tracts, lot 11, containing approximately 35.88 acres, and the north 10.27 acres of lot 12, supplemental survey in the southwest quarter of section 2, township 15 north, range 11 east; and appellee, G. W. Faught, owns the other, which is the south part of lot 12 in the southwest quarter of said section, containing approximately 35.27 acres, all in Mississippi county, Arkansas.

Appellees have submitted no brief.

The present suit was filed by appellants against appellees April 16, 1940. They alleged in their complaint, among other things, that in order to establish the correct boundary line between the two tracts of land in question,

they and appellee, G. W. Faught, on March 19, 1940, entered into the following written agreement: "This agreement is by and between L. M. Krutz and George Faught, of Blytheville, Arkansas, as follows: In order to settle all questions about the fence line between the parties to this agreement, as to their respective lands in the southwest quarter of section two, township fifteen north, range eleven east, the said parties hereby agree to employ the present county surveyor to go upon said lands and establish the correct government division lines, set proper stakes, and such lines shall then be considered and accepted by the parties to this agreement as the true and correct division line between their lands. Such lines when established shall be accepted in lieu of any old fence rows or other points now considered by either party as part of the division lines. Either party when said survey is made may erect a fence on the line as thus established. Each party to this agreement is to be present or have a representative when the survey is made, and each party hereto agrees to pay one-half of the cost of such survey. Dated this 19th day of March, 1940. Signed: L. M. Krutz. Witness: Frank C. Douglas," and pursuant to this agreement the then county surveyor, Mr. Ott, went upon the lands, made a survey, and established the correct boundary line.

It is further alleged that appellee, Faught, refused to abide by the survey made in accordance with the terms of the agreement. Appellants prayed that appellee, Faught, "be restrained from molesting the plaintiffs (appellants here) and their agents and employees in the erection of a fence along the division line established by the county surveyor, Ott; that title to lot 11 aforesaid be quieted in the plaintiffs, etc."

Appellee, Lum Manley, disclaimed any interest in the suit, and he passes out of the case.

Appellee, G. W. Faught, filed answer denying the material allegations of the complaint, and in a cross-complaint alleged that he was the owner and entitled to possession of the land in dispute, comprising a small strip across the south end of the eastern boundary line between

him and appellants of approximately one acre in extent, and prayed for an order enjoining appellants from interfering with his occupancy of the land in question, etc.

August 23, 1940, the cause was submitted to the court on depositions previously taken by appellants. No testimony appears to have been offered by appellee, but on August 23 appellee requested the appointment of a surveyor and master. E. J. Heaton was appointed, but did not serve. February 24, 1941, H. C. Davidson, the then county surveyor, was appointed by the court "to survey out the line in dispute in this suit between the parties, and re-establish the government line running north and south between lots 11 and 12 in the southwest quarter of section 2, township 15 north, range 11 east. Said H. C. Davidson is also appointed as master and he may examine the parties to this suit and their witnesses and make report to this court of the contentions of both plaintiff and defendant herein, etc." In due course, Mr. Davidson made a survey and filed his report. Exceptions were filed to the report by appellants, which were overruled by the court, and on April 11, 1942, a decree was entered approving the survey as filed by the then county surveyor, H. C. Davidson, as establishing the boundary line. This appeal is from that decree.

As has been noted, the parties to this action on March 19, 1940, entered into a written agreement under the terms of which, among other things, they bound themselves "to employ the present county surveyor to go upon said lands and establish the correct government division lines, set proper stakes, and such lines shall then be considered and accepted by the parties to this agreement as the true and correct division line between their lands. Such lines when established shall be accepted in lieu of any old fence rows or other points now considered by either party as part of the division lines. Either party when said survey is made may erect a fence on the line as thus established."

Fraud being absent, we are clearly of the view, on the record here, that the parties to this written agreement are bound by its terms. While appellee, Faught,

one of the parties, refused to be bound by the agreement after the survey was made because he was dissatisfied with the result, under the law it was beyond his power to repudiate this survey and refuse to be bound by it without the consent of appellant, the other party to this agreement. We find nothing in the record abstracted here of any repudiation of this agreement on the part of appellant, Krutz.

It is the policy of the law to encourage the settlement of boundary disputes between landowners by agreement. This court, in *Miller* v. *Farmers Bank & Trust Company*, 104 Ark. 99, 148 S. W. 513, held (quoting from headnote 5) : "It is the policy of the law to encourage agreements between adjacent landowners as to their boundaries, and to give effect thereto when shown to exist." In that case there was cited with approval the case of *Levy* v. *Maddox,* 81 Tex. 210, 16 S. W. 877, and it is there said: "This court has frequently passed on questions of boundary, and as has been frequently cited, 'these settlements of boundary are common, beneficial, approved, and encouraged by the courts, and ought not to be disturbed, though it was afterward shown that they had been erroneously settled. Convenience, policy, necessity, justice, all unite in favor of such an amicable settlement'." See, also, *McCombs* v. *Wall,* 66 Ark. 336, 50 S. W. 876.

Having reached the conclusion that the parties here are bound by their agreement, and the survey made in accordance with its terms, the decree must be, and is, reversed and the cause remanded with directions to establish as the correct boundary line, the line fixed and established by Mr. Ott's survey, and for other proceedings consistent with this opinion.