**SHAW et al. v. JONES et al.**

No. 6699.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 10, 1953.

Rehearing Denied Oct. 1, 1953.

Smith & Porter, Philip Brin, Longview, for appellants.

W. E. Jones, Mike Anglin and Oscar B. Jones, Longview, for appellees.

WILLIAMS, Justice.

Appellants, J. R. Shaw and J. D. Shaw, defendants below, bought from Walter Richardson Lots 3 and 4 in Block No. 5 of the Valley View Addition to the City of Longview and later erected two residences.

Thereafter appellants sold Lot No. 3 to James W. McDent and wife, and Lot No. 4 to Robert I. Paine and wife. Each conveyance recites a consideration of $8000, evidenced by an installment vendor's lien note payable to a designated loan company, and purports to convey the fee-simple title with general warranty of title. To meet the requirements of the loan companies before the latter would approve the loans and advance the funds, appellee W. E. Jones, a plaintiff below, was employed at the expense of McDent and Paine to furnish from an actual survey and measurement a plat showing the location of the improvements on each lot. Appellee Jones prepared and delivered these plats, and to each he certified as a licensed surveyor that the same reflected from his actual survey and measurements the location of the improvements on each lot. Upon receipt of these plats and certificates, the purchases and loans were consummated. The plat so fur-

nished as to Lot No. 4 shows the improvements situated well within its boundaries, at least 11 feet from its north boundary line and 7 feet from its south boundary line. The plat so furnished with respect to Lot No. 3 has not been brought forward, but the briefs reflect that the improvements on Lot No. 3 were situated within its boundaries. Appellee acknowledges that he did not make an actual survey as certified to by him. It was his testimony that he was in error in assuming that certain wooden stakes which he saw on the ground represented a corner from which he made his measurements and plats.

Some two years later, Richardson who owned Lot No. 5 claimed that a part of the buildings supposed to be located on Lot No. 4 extended over on Lot No. 5 between two and three feet. Appellee Jones then purchased from Richardson for $500 cash a strip of land nine feet wide across the south side of Lot No. 5. He then conveyed to Paine this nine-foot strip and Paine in turn conveyed to McDent a 4½ foot strip off the south side of Lot No. 5. Paine and McDent released appellee Jones from any and all damages "because of any error made by him in any previous survey of the lots"; and assigned to appellee Jones any cause of action "that we have against J. R. and J. D. Shaw of their having built the houses too close to or over the North line of our lots * * *." In the petition in which Jones, Paine and wife and McDent and wife were named as plaintiffs, they pleaded above-mentioned release and assignment, making same a part of their petition. They prayed judgment against appellants in the sum of $500 plus $100 for expenses and $250 attorney's fees. Appellee was awarded judgment for damages in the sum of $500; and all relief prayed for by the Paines and McDents and all other relief sought by Jones was denied.

No contractual relationship existed between appellants and Jones and such action that Jones may have must legally rest on such rights that may have been covered by the assignment out of Paine and McDent. Any claim for damages that Paine and Mc-Dent may have had against appellants necessarily rests upon alleged breach of the warranty in the deeds out of appellants. The conveyance to McDent calls for Lot No. 3. This record reflects that all the improvements that McDent acquired under his deed are wholly situated on Lot No. 3. It also fails to disclose in what respect he has suffered any damages for alleged breach of warranty as to Lot No. 3.

Pertinent to the disposition of this appeal, plaintiff alleged: "During the year 1952, it has come to the knowledge of these plaintiffs that the house conveyed to James W. McDent and wife, Alma McDent, by these defendants was built within two and one-half feet of the north line of Lot 3, whereas the Longview Building Code specifies a distance of not less than seven (7) feet from the property line in this area, making it necessary for them to secure four and one-half (4½) feet more of land off the south side of Lot Four (4) to comply with the said regulations and to comply with the warranty of defendants in their deed to said plaintiffs.

"Also, said defendants built the house on Lot Four (4) of said Block Five (5) and sold to plaintiffs Robert Paine and wife, Vernelle Paine so as to extend two (2) feet over the north line of Lot Four (4) and on to Lot Five (5) which these defendants did not own and which lot belonged to Walter Richardson at the time."

Appellants answered with a general denial. It will be observed in the above quoted paragraphs that plaintiffs alleged that the Longview building code restricted the erection of buildings closer than seven feet from the property line. The evidence is silent as to the existence of such building code, its alleged restrictions, or requirements or the penalties or remedies for violation of its terms. Under appellants' answer of a general denial, the failure of appellees to prove as alleged such alleged code, its applicable provisions and remedies, if any, necessitates a reversal of the judgment entered. Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656, 659; Woodley v. Hughes, Tex.Civ.App., 252 S.

W.2d 997; Rule 92, Texas Rules of Civil Procedure.

The suit for damages and the claim that the extra nine feet was necessary is grounded upon the asserted violation of an alleged building code and that the warranty of title protected the purchasers in damages flowing from said alleged violation. In view of the disposition of the present appeal with the record being silent as to the existence of the alleged code or the terms of its provisions, penalties and remedies, we pretermit any discussion of alleged liability in damages under the general warranty claimed and assigned by McDent and his wife or by Paine and wife.

For the reason indicated, the judgment is reversed and the cause remanded.