**Arthur ORTIZ and wife, Letitia Cox Ortiz, Appellants,**

v.

**Erich BRANDES, Appellee.**

No. 5302.

Court of Civil Appeals of Texas.

El Paso.

Feb. 4, 1959.

Rehearing Denied March 4, 1959.

Guinn & Guinn, El Paso, for appellants.

Mayfield & Broaddus, El Paso, for appellee.

FRASER, Justice.

This is an appeal from the District Court of El Paso County, Texas, wherein the court gave judgment to the plaintiff-appellee. The case was tried to the court without a jury. It involved the location of a boundary line between the plaintiff and defendants.

It was stipulated that one Hays was the common source of title. For purposes of clarity and brevity, we will hereinafter refer to the colored map introduced in evidence as an exhibit. Hays conveyed the tract colored in red on the exhibit, to one Weir, in 1949, and in 1954 Weir conveyed the red tract to defendant Ortiz. In 1950 Hays conveyed the green tract, which adjoins the red tract on the easterly border to plaintiff Brandes. Defendants also owned another tract of land colored in blue, west of the red tract and adjoining it.

It is claimed that at one time Weir and the foreman of Hays taped off what they believed were the proper distances, and set up a tentative line between the tract of

land retained by Hays and the one he had just sold to Weir. After plaintiff Brandes bought the green tract from Hays, and defendants had purchased the red tract from Weir, the record shows that plaintiff mentioned to defendant Ortiz that he understood from their predecessor in title that there was some uncertainty regarding the boundary line between their newly acquired tracts of land, and that he proposed to have it surveyed, to which defendant replied, "Go ahead." A Mr. Cook did the surveying and found that defendants' ground was encroaching to the extent of 1.3 acres over into the green tract bought by plaintiff from Hays. This survey was, apparently, marked by stakes. Defendant then hired County Surveyor L. C. Landon, whose survey developed that the encroachment was even a little greater than the one illustrated by Cook's survey.

Plaintiff claims that he and defendant agreed that they would use the line established by the Cook survey as the boundary between the tracts owned by plaintiff and defendants. He further maintains that immediately thereafter he began leveling and preparing the spot of ground which he believed was his by virtue of the new survey, and that this was done in full view of defendant and his family, and that such condition existed without objection until 1957, a matter of a year and a half or so. That in 1957, while plaintiff was out of town, defendants moved their line back and again took possession of the disputed strip of 1.3 acres.

We believe that the trial court, in awarding the disputed strip to plaintiff, arrived at the correct solution of this difficulty. Appellant argues that his deed called for 35 acres, and that it would not all be there if this judgment is allowed to stand. We do not have any expert testimony that the decision of the trial court would cut his acreage below 35. There was expert testimony that the line, as established by the surveyors, would cause the disputed boundary to be a line parallel with other boundaries farther east and west. However, both surveyors found the encroachment, and their endeavors and reports appear to coincide with the metes and bounds descriptions of the deeds to the relative tracts in question.

In any event, the record reveals that plaintiff discussed these matters with defendant and defendant's son, and reached an agreement that they would use the Cook survey. It also is clear that the parties furthered this agreement in abiding by the terms thereof and straightening up the lines of stakes and the leveling of the encroaching tract by plaintiff. The record also shows that defendant used his own men and machinery to create the border between the fields according to the Cook survey. It therefore appears to us that the parties here had entered into an agreement accepting the Cook survey, and that said agreement, while oral, was acted upon and possession of the disputed tract taken by the plaintiff. This type of agreement has been recognized by the courts, and we believe that such agreement is controlling in this case. The record is clear as to the agreement and to the acts of defendant and plaintiff thereafter ratifying said agreement. Such oral agreements, when acted upon, have long been enforced by the courts of Texas. 7 Tex.Jur., "Boundaries", Sec. 54 et seq.; Levy v. Maddux, 81 Tex. 210, 16 S.W. 877; Shelor v. Humble Oil & Refining Co., Tex.Civ.App., 103 S.W.2d 207; Kingelin v. Rogers, Tex.Civ. App., 259 S.W.2d 245; Gulf Oil Corporation v. Marathon Oil Co., 137 Tex. 59, 152 S.W.2d 711.

For the above stated reasons, the errors complained of by appellant are overruled, and the decision of the trial court affirmed.