**Carl HENSZ, Appellant,**

v.

**J. C. LINNSTAEDT et al., Appellees.**

**No. 819.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 15, 1973.

Polk Hornaday, Harlingen, for appellant.

Melchor Chavez, Harlingen, for appellees.

## OPINION

BISSETT, Justice.

This is a summary judgment case. Carl Hensz, plaintiff, instituted suit against J. C. Linnstaedt to establish title by limitations to a tract of land comprising approximately 16.34 acres; he later amended his pleadings and brought in Har-Tex Cattle Company as a defendant, whereby he sought to establish title by limitations to an additional tract of land consisting of about 3.278 acres. Summary judgment was rendered in favor of Har-Tex Cattle Company with respect to the 3.278 acre tract on January 2, 1973. Summary judgment was rendered in favor of J. C. Linnstaedt with respect to the 16.34 acre tract on May 11, 1973. Plaintiff has appealed both judgments. We affirm.

J. C. Linnstaedt is the record owner of the 16.34 acre tract, and Har-Tex Cattle Company is the record owner of the 3.278 acre tract. Both tracts of land are situated in Cameron County, Texas.

Plaintiff asserted title under Article 5510, Vernon's Ann.Civ.St. He alleged that he went into possession of the lands more than thirteen years prior to the time suit was filed, and "has held it adversely, openly and notoriously, and has used it as his own for more than 13 years".

■ In order to acquire title under Article 5510, V.A.C.S., the ten-year statute of limitations, all that is required of the claimant is that he have had continuous exclusive, peaceful and adverse possession of the land under a claim of right for not less than ten years. Brohlin v. McMinn, 161 Tex. 319, 341 S.W.2d 420 (1960). Intention by the limitation claimant to hold adversely to the true owner of the land is an indispensable element of adverse possession. Holland v. Nance, 102 Tex. 177, 114 S.W. 346 (1908).

■ The limitation claimant has the burden of proving all of the elements of adverse possession, including "a claim of right". This proof must be clear and satisfactory. Moore v. Wooten, 280 S.W. 742 (Tex.Comm'n App. 1926); Urschel v. Garcia, 164 S.W.2d 804 (Tex.Civ.App.—San Antonio 1942, writ ref'd, w. o. m.); Mosley v. Gulf Production Co., 111 S.W.2d 726 (Tex.Civ.App.—Texarkana 1937, writ dism'd).

■■ Our courts have consistently held that a person in possession of the land can never acquire limitation title to it unless he intends to claim the land as his own. Kirby Lumber Co. v. Conn., 114 Tex. 104, 263 S.W. 902 (1924); Saunders v. Hornsby, 173 S.W.2d 795 (Tex.Civ.App.—Amarillo 1943, writ ref'd w. o. m.) Mere possession or occupancy of land by the limitation claimant without intention to appropriate it to himself will not support the ten-year statute of limitation, even though the occupant did not enter as a matter of right. Killough v. Hinds, 161 Tex. 178, 338 S.W. 2d 707 (1960); Wright v. Vernon Compress Company, 156 Tex. 474, 296 S.W.2d 517 (1957).

The Supreme Court, in Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S.W.2d 781 (1954), cited with approval the rule announced in Houston Oil Co. of Texas v. Stepney, 187 S.W. 1078, 1084 (Tex.Civ. App.—Beaumont 1916, writ ref'd), as follows:

". . . No matter how exclusive and hostile to the true owner the possession may be in appearance, it cannot be adverse unless accompanied by the intent on the part of the occupant to make it so. The naked possession unaccompanied with any claim of right will never constitute a bar. . . ."

■ It has long been settled that when a person enters upon land and takes possession without a claim of right, his occupancy is subservient to the paramount title, not adverse to it. It is nothing more than a trespass, and, no matter how long continued, can never ripen into a good title. Schleicher, Adm'r. v. Gatlin, 85 Tex. 270, 20 S.W. 120 (1892).

Plaintiff's deposition was filed in the trial court on October 4, 1972. He stated therein that he went into possession of the land (both tracts) in question in 1959. He cleaned the land of brush, grass and weeds during that year, and kept it clean for the next year or so. He planted crops on the land during the period 1961 to 1966. He did not enter the land in 1959 with the intention of claiming it as his own, but did so only "to clean it up and cut down the weeds and brush". He planted his first crop in the spring of 1961 because "if I was going to keep it clean, then I felt like that I was going to get a little return for the work that I was doing on it for keeping it clean".

Plaintiff's answers to specific questions propounded to him in the deposition show that he did not assert a claim of ownership until about 1970, and that for at least the years from 1961 to 1966, he would have paid rent to the true owner if such person had asked for the rent, provided the owner reimbursed him for his expense in cleaning up the premises. In connection with when plaintiff first started claiming the land as

his own, the following questions and answers appear in his deposition:

"Q  That was . . . when did you actually lock the gate?

A  Well, it was about two years ago whenever we decided . . . I decided to find out for sure who owned it, and they were coming across and carrying dirt off.

Q  That's when you started claiming it as your own?

A  Legally, I suppose so, yes.

Q  Up to that, you had . . . . you hadn't made any claim to ownership?

A  No."

Plaintiff's deposition was taken on July 21, 1972. While it is undisputed that plaintiff went into actual possession of the two tracts of land in 1959 and raised crops thereon from. 1961 until at least 1966 (without paying rent to anyone), it is established by the deposition that plaintiff did not enter into possession (in 1959) under "a claim of right". Plaintiff admitted that there was no appropriation of the land commenced and continued under a claim of right inconsistent with and hostile to the claim of the true owner until two years before his deposition was taken. Therefore, limitations did not commence to run until sometime in 1970. Suit was filed on July 1, 1971.

The purpose of the summary judgment rule is "to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact". Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962). The present record discloses a case for summary judgment. No genuine issues of material fact are presented. The deposition of plaintiff conclusively shows that he did not mature limitation title to the lands in question under the ten-year statute. The trial court properly granted defendant's motions for summary judgment, and correctly rendered judgment in behalf of J. C. Linnstaedt for the title and possession of the 16.34 acre tract, and correctly rendered judgment in behalf of Har-Tex Cattle Company for the title and possession of the 3.278 acre tract.

The judgments of the trial court are affirmed.