Armando S. BENAVIDES, et al., Appellants,

v.

Emma STEWARD and the Heirs of Will Heard, Appellees.

No. 2507cv.

Court of Appeals of Texas, Corpus Christi.

May 26, 1983.

O.F. Jones, III, Victoria, for appellants.

Jess Cano, Victoria, for appellees.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is a limited appeal in a trespass to try title case tried before a jury. Appellants, Armando S. Benavides, Antonio S. Benavides and Anselmo A. Benavides appeal only as to that portion of the judgment that awarded title to Emma Steward and the heirs of Will Heard, appellees. They raise "no evidence" and "insufficiency of the evidence" points on appeal. We reverse and render.

In 1912, Henry Price deeded a disputed amount of land to his daughter, Minnie Brown. After Minnie's death, her widower, Sam Brown, in 1941, attempted to partition the property among Minnie's children. (Tracts 1–8 in the appendix diagram.) The parties here agree that this partition was legally ineffective because the land was Minnie's separate property, but that the children of Minnie Brown thereafter occupied and used the land as if the partition was valid.

The estate lands of Minnie Brown have been the subject of at least two surveys. A 1941 survey by a man named Ward, which placed 4.7 acres within the tract, is the origin of the land descriptions in the Brown partition deeds and subsequent conveyances of the Brown heirs. In 1952, a man named Lowery surveyed the property and, ignoring the marks and monuments of Ward, added 1.78 acres to the southern portion of the tract. The majority of this lower 1.78 acres is the land which was in dispute at the trial of this cause.

This action was originally brought by Pedro Cano and his wife, Nieves Cano, to establish their title and right to possession of the land below the Ward survey line in Tracts 3 and 4 as marked on the diagram. They alleged that they had purchased tracts 1, 2, 3, and 4 directly or indirectly from the heirs of Minnie Price Brown under warranty deeds, and they also pled that they had already possessed each tract in excess of 10 years. The Canos were later joined in the suit by the Church of God, Nancy Hill, Emma Steward and the heirs of Will Heard. Each of these claimed a lower portion of one of the tracts to the East of the Canos. (See map.) The original defendants were the heirs of Delia Herron, a sister of Minnie Brown. They claimed the 1.78 acres below the Ward survey line as part of a 3.68 acre piece of property set aside to Delia Herron in a 1954 trespass to try title action, to which the Brown heirs admittedly were not made parties. These defendants were joined by appellants, recent purchasers of the 3.68 acre tract.

The sole issue submitted to the jury asked for a finding of the facts necessary for each of the plaintiffs to claim a limitations title to the lands claimed by them under Tex. Rev.Civ.Stat.Ann. art. 5510 (Vernon 1958), the ten years' possession statute. The jury answered favorably to all plaintiffs. The trial court granted judgment for title and right to possession to the Canos, Steward, and Heard. The trial court disregarded the jury's findings with regard to the Church of God and Nancy Hill, declaring that the lands claimed by them be vested in the appellants. As previously noted, appellants filed a limited appeal, complaining only of the judgment as it affects the lands claimed by Steward and Heard.

All of the land in controversy in this case is part of Farm Lot 4, Block 2, Range 4, each below the Town of Victoria, on the Four League Grant to the Town of Victoria, Victoria County, Texas. The appendix diagram shows the results of the trial court's judgment and the land in controversy on appeal.

Appellants, defendants below, challenge the legal and factual sufficiency of the evidence to support the jury's answer to the special issue as it pertained to the claims of

Steward and Heard. In reviewing these points, we follow the familiar rules for determining the legal and factual sufficiency of the evidence which have been clearly and repeatedly established by our Supreme Court. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

A claimant seeking to acquire title under Tex.Rev.Civ.Stat.Ann. art. 5510 (Vernon 1958) has the burden of showing affirmatively that he has had continuous, exclusive, peaceful and adverse possession of the land under a claim of right for not less than ten years. *Brohlin v. McMinn,* 161 Tex. 319, 341 S.W.2d 420 (1960); *Ramirez v. Wood,* 577 S.W.2d 278 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Hensz v. Linnstaedt,* 501 S.W.2d 463, 465 (Tex.Civ.App.—Corpus Christi 1973, no writ). Proof of all the elements of adverse possession must be clear and satisfactory. *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781, 787 (1954); *Ramirez v. Wood, supra.* An intent on the part of the claimant to appropriate the land for himself is essential; bare possession, no matter how open and hostile, without such intent is insufficient for adverse possession. *Orsborn v. Deep Rock Oil Corp., supra,* 267 S.W.2d at 787; *Hensz v. Linnstaedt, supra,* at 465; *Rocha v. Campos,* 574 S.W.2d 233, 237 (Tex. Civ.App.—Corpus Christi 1978, no writ). It is also the burden of the claimant to identify the land claimed by establishing its location and by showing the extent of the interest claimed. *Ramirez v. Wood, supra,* at 282; see also *Jones v. Mid-state Homes, Inc.,* 163 Tex. 229, 356 S.W.2d 923, 925 (1962); *Coleman v. Waddell,* 151 Tex. 337, 249 S.W.2d 912, 913 (1952).

Looking only at the evidence and inferences favorable to the establishment of a limitations title in Steward, we find no evidence of the required claim of right. In fact, Steward herself affirmatively denied any such claim. Steward admitted that her claim was only to the land described in her deed from Roy Steward, her husband, which was dated December 11, 1947. All of the land described by that deed is clearly North of the Ward survey line and not in controversy on this appeal. Steward did testify to living on "the land" for more than thirty years, (though she did not presently reside there), and to paying taxes on it. However, it was never specified just what property she was referring to in that portion of her testimony. In short, Steward never identified a claim to any property South of the Ward survey line.

The only person to testify as to the Heard property was Frances Kirks, a stepdaughter of Will Heard. She testified that her step-father had some rent houses on his property, that he left the property to her mother, and that she (Kirks) currently pays taxes on the property. However, she failed to specifically identify the property of which she was speaking. At no time did she or anyone else testify that she or any of the Heards had any claim of right to property South of the Ward survey line. There was admitted into evidence a deed from Steve Johnson to Will Heard, dated November 22, 1952, which purported to convey that portion of Tract No. 8 (see diagram) South of the Ward survey line. However, Kirks never testified concerning this deed, and the Heards did not assert a claim to any property by means of the November 22, 1952 deed.

We hold that there is no evidence to support the findings of the jury concerning the facts claimed by Steward or Heard, or the judgment rendered thereon. Therefore, we reverse that part of the judgment that awards title and right to property to Steward and Heard, and here render judgment awarding such property to the appellants, Armando S. Benavidez, Antonio S. Benavidez, and Anselmo A. Benavidez. Their respective interests in the property shall be as described in their deed from Leroy Williams, Henry Lee Williams, and Zinzine Lou Andrews, dated February 7, 1979.

The portion of the judgment of the trial court that was appealed is reversed and rendered.