### HOUSTON OIL CO. OF TEXAS v. HOWARD. (No. 917.)*

(Court of Civil Appeals of Texas. Beaumont. Nov. 15, 1923. Rehearing Denied Nov. 28, 1923.)

1. **Adverse possession** &#8660;58—**Use of property must be hostile to record owner, to constitute adverse possession.**

In order to acquire title under the statutes of limitation, use of property must be of such character as to show its hostility to the record owner.

2. **Adverse possession** &#8660;19—**Bayou, to constitute inclosure to support hostile possession as pasture, must constitute barrier.**

A river, creek, or bayou may be sufficient to raise the issue of hostile use of land as a pasture in favor of a limitation claimant, but to be sufficient it must constitute a barrier and be of such character and nature that it, along with fences surrounding other parts of the land, incloses it as a pasture.

3. **Appeal and error** &#8660;930(3)—**No presumption in favor of special findings.**

The appellate court may not indulge presumptions in aid of the special findings of the jury.

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted January 9, 1924.

4. Adverse possession ☞57—Burden of proof to show fence erected prior to certain date on party asserting that fact.

Where defendant did not have five year's hostile use of land as a pasture unless a fence, erected to inclose the land in connection with a bayou, was erected prior to a certain date, the burden rested on him to show affirmatively that the fence was erected prior to that date.

5. Trial ☞355(3)—Finding of limitation held legal conclusion.

Where the findings on the special issues upon which the findings in favor of defendant on his claim under the five and ten years' limitation rested, did not support the findings of limitation, the latter must be treated in the nature of legal conclusions without basis in the facts found.

6. Taxation ☞526—Taxes do not become delinquent until after 31st of January following year in which they are due.

Taxes do not become delinquent until after the 31st of January following the year in which they are due.

Appeal from District Court, San Augustine County; V. H. Stark, Judge.

Suit by the Houston Oil Company of Texas against N. B. Howard. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Kennerly, Lee & Hill, of Houston, for appellant.

Ramsey, Minton & Lewis, of San Augustine, for appellee.

WALKER, J. This is a suit in trespass to try title, with appellant as plaintiff and appellee as defendant, involving 52½ acres of land out of the northwest corner of the William Lakey league in San Augustine county, Tex. Appellant's petition was in the ordinary form of trespass to try title, and appellee answered by the usual pleas of not guilty and limitation of 3, 5, and 10 years. On the answers of the jury to special issues, judgment was entered in favor of appellee for the land in controversy.

Appellant showed a record title to such an undivided interest in the land as entitled it to judgment, unless appellee had title by limitation.

Appellee took a deed to 152 acres of land, including the land in controversy, on the 3d of January, 1899, which was duly recorded on August 3, 1900, and a second deed, dated January 19, 1900, which was also duly recorded. Under these deeds he acquired title to the 100-acre tract included in his deed, but no title to the land in controversy. The land in controversy is completely surrounded by other lands claimed by appellee, except on the west side, which is bounded by Ayish bayou. Shortly after taking the deeds above referred to, appellee entered into pedal possession of the 100 acres, and by fencing it, together with the other lands claimed by him, included the 52½ acres of land in his inclosure, except on its west side, which was bounded, as we have just said, by Ayish bayou.

Under questions in due form, the jury found that appellee had matured title under both the 5 and 10 years' statutes of limitation; that such possession began in 1900; that during the limitation period he used the land as a "winter pasture"; that in 1904 or 1905 or 1906, he fenced the land in controversy by erecting a fence along its west side on the bank of the Ayish bayou; and that prior to the time the fence was erected, the bayou did not afford a sufficient barrier to inclose the land as a pasture for horses and cattle.

Opinion.

[1-4] The judgment in appellee's favor is without support in the jury's verdict. Under the jury's verdict, prior to the time the bayou was fenced it was not a sufficient barrier to constitute such an inclosure as to put into operation the statutes of limitation. We do not mean to hold that an inclosure is necessary, or that occupancy is necessary, or that any other specific use or enjoyment is necessary, to acquire title under the statutes of limitation. But the use of the property must be of such character as to show its hostility to the record owner. In this case the evidence shows—and the jury so found—that appellee's only use of this land was that of a winter pasture. He could not hold a hostile possession for such use without an inclosure. A river or creek or bayou may be sufficient to raise that issue in favor of a limitation claimant, but, to be sufficient, it must constitute a barrier; it must be of such character and nature, together with the other fences, as to inclose the land as a pasture. The jury found that Ayish bayou was not such an inclosure. It follows then that appellee did not have a hostile possession of the land in controversy prior to the time he erected his fence in 1904, 1905, or 1906. We can indulge no presumptions in aid of the jury's verdict. As this suit was filed on the 13th day of November, 1911, he did not have five years' possession, unless the fence was erected prior to the 13th day of November, 1906. The burden rested on him to show that fact affirmatively. The jury did not so find.

[5,6] Appellee says we should disregard the findings on the special issues and sustain his judgment on the jury's finding that he had 5 years' limitation and 10 years' limitation. We cannot do this. While the jury did find such limitation claims in his favor, yet by finding the special facts on which such claims must rest, the findings on the 5 and 10 years' statutes must be treated in the na-

ture of legal conclusions, which have no basis in the facts found. Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 177; Railway Co. v. Langbehn (Tex. Civ. App.) 150 S. W. 1188; Kahn v. Cole (Tex. Civ. App.) 227 S. W. 557; Watson v. Patrick (Tex. Civ. App.) 174 S. W. 632; Pickrell v. Imp. Pet. Co. (Tex. Civ. App.) 231 S. W. 412. The facts showed that appellee paid his taxes in January following the years for which they were due. Appellant contends that this payment was too late, and that the taxes became delinquent when not paid prior to January 1st of the year in which they were due. In Baker v. Fogle, 110 Tex. 301, 217 S. W. 141, 219 S. W. 450, this question was decided by the Supreme Court adversely to appellant's contention. Mr. Justice Greenwood said:

"Defendant in error Lewis Fogle paid the taxes for 1907 on June 4, 1908, and paid the taxes for 1913 on November 30, 1914. He paid the taxes for each of the other years from 1907 to 1916 before such taxes became delinquent."

He does not state in his opinion the dates of the payments of the taxes for the other years, but rests his opinion on the conclusion that they were paid before they "became delinquent." Baker v. Fogle was referred by the Supreme Court back to the Court of Civil Appeals for the First Supreme Judicial District, and we have just been furnished by the clerk of that court with a certificate from the transcript in that case, showing the following facts as to the payment of taxes:

"Defendant introduced in evidence tax receipts showing the payment of state and county taxes by Lewis Fogle ·on 100 acres, B. B. & T. Railway, Abstract 417, fractional lots 3 and 4, in block 3, of the Fairground Third addition, and lot 3 of block 63 of the Noble addition as follows: For the year 1907, paid June 4, 1908 (redemption receipt, Exhibit C); for the year 1908, paid January 21, 1909; for the year 1909, paid January 26, 1910; for the year 1910, paid January 23, 1911; for the year 1911, paid January 27, 1912; for the year 1912, paid January 30, 1913; for the year 1913, paid November 30, 1914 (redemption receipt, Exhibit D); for the year 1914, paid November 14, 1914; for the year 1915, paid January 29, 1916."

"On page 46 of the statement of facts, Lewis Fogle testified as to dates of payment of taxes' as shown above, and also testified that the taxes for 1916 were paid January 30, 1917."

Under the construction given by the Supreme Court to the facts in Baker v. Fogle, taxes do not become delinquent until after the 31st of January following the year in which they are due.

The judgment of the trial court is reversed, and this cause remanded, to be tried again in accordance with the principles here-in announced.

HIGHTOWER, C. J., disqualified to sit in this case.