### BENNETT et al. v. CAREY et al.
### No. 3001.

Court of Civil Appeals of Texas. Beaumont.
Dec. 22, 1936.

Rehearing Denied Dec. 30, 1936.

Wm. McMurrey, of Cold Springs, for appellants.

Dean & Humphrey, of Huntsville, for appellees.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellants and appellees; in the court below, appellants were defendants, appellees were plaintiffs, and the action was in trespass to try title. The defense was the statute of limitation of ten years (Vernon's Ann.Civ.St. art. 5510). Appellees established a record title to the land in controversy; the issue of limitation was sent to the jury by the four following questions, answered as indicated:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the original defendant J. R. Bennett, now deceased, went into actual possession of that part of the 115 acre tract of land described in plaintiff's petition lying East of the San Jacinto River and containing 15 acres under claim of right, and had held continuous, actual, peaceable and notorious possession of the same by cultivating, using and enjoying said 15 acres of land continuously for a period of ten years before the filing of this suit on the 12th of April, 1933?" Answered "Yes."

"Special Issue No. 2: Do you find from a preponderance of the evidence, as hereinbefore defined, that the original defendant J. R. Bennett took actual possession of a portion of the lands described in plaintiff's petition lying West of the San Jacinto River under a claim of right, and hostile to the claim of the plaintiffs and those under whom plaintiffs claim title, and enclosed the same and used a portion of said lands so enclosed as a pasture, and thereby held peaceable and adverse possession of said portion of said land and maintained the fences around the portion so enclosed for a period of ten years continuously before the filing of this suit on the 12th of April, 1933?" Answered "Yes."

Submitted on request of appellees:

"Special Charge No. 1: Do you find that the defendant J. R. Bennett, now deceased, took actual possession of that portion of the 115 acre tract described in plaintiff's petition lying East of the San Jacinto River under a mistaken view that it was covered by his deed and/or that the defendant recognized the title of the plaintiffs and those under whom plaintiffs claimed if said portion of said land was not included in said defendant's deed?" Answered "Yes."

"Special Charge No. 2: Do you find from the evidence that the defendant J. R. Bennett took actual possession of a portion of the lands involved in this suit lying West of the San Jacinto River, and fenced the same and used the portion so fenced as a pasture, but did not claim title to said land as against the true owner?" Answered "Yes."

On the verdict of the jury, judgment was entered in favor of appellees for the land sued for.

Appellants excepted to the submission of appellees' special issues No. 1 and No. 2 on the ground that they were fully covered by the court's main charge; that objection is brought forward by appellants on the proposition that the main charge "completely covered the issue of limitation," and the submission to the jury of appellees' requested issues "was confusing to the jury and caused the conflict to arise in the verdict of the jury." Appellants' second contention is that the answers of the jury to appellees' special issues were in conflict with the issue submitted by the court's main charge. These contentions are overruled. This case is controlled by Cuniff v. Bernard Corporation, 94 S.W.(2d) 577, by this court (writ refused). On the proposition that the court's main charge covered the issues of limitation, and that appellees' issues should not have been submitted, we said in the Cuniff Case, 94 S.W. (2d) 577, 579:

"We think it is too well settled by the decisions of our courts to admit of argument that recognition of an owner's title by a limitation claimant during the limitation period is fatal to a limitation claim. Hous-

ton Oil Co. v. Pullen (Tex.Com.App.) 272 S.W. 439; Gillean v. Frost, 25 Tex.Civ. App. 371, 61 S.W. 345; Wier Lumber Co. v. Eaves (Tex.Com.App.) 296 S.W. 481; Texas & N. O. Ry. Co. v. Speights, 94 Tex. 350, 60 S.W. 659.

"Thus, recognition of the defendant's title was an ultimate and controlling issue which, when found to exist, completely destroyed the plaintiffs' claim to title by limitation. Being an ultimate and controlling issue, it was proper for the court to submit it. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Southern Kansas Ry. Co. v. Wallace (Tex.Com.App.) 206 S.W. 505; Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Com.App.) 7 S.W.(2d) 521; Colorado & S. Ry. Co. v. Rowe (Tex.Com.App.) 238 S.W. 908."

In the Cuniff Case the jury found in favor of the limitation claimant on the general submission of that issue, but found in favor of the record owner that the limitation claimant had recognized his title during the limitation period. As in the case before us, Cuniff assigned conflicts in the jury's answers. Denying that contention, we said:

"Nor do we think that the special findings concerning recognition of title were in conflict with the general issues of adverse possession and limitation found in plaintiff's favor so as to require the trial court to enter a mistrial. The special findings were not necessarily inconsistent with the general findings. The plaintiff Cuniff may have had the intent to claim the land adversely, as he testified he did. But, no matter what his intent may have been, his recognition of the defendant's title, as a matter of law, destroyed the adverse character of it. This matter of the legal effect of the recognition of defendant's title by Cuniff was not, of course, specially submitted to the jury. We may therefore assume that the intent of the jury was to find that plaintiffs had held possession of the land with intent to claim it adversely, but also that O. T. Cuniff had, during the limitation period, recognized the defendant's title. Such construction of the findings is consistent with the pleadings and the evidence as a whole. For that reason alone the trial court was warranted in giving effect to the special findings of recognition. Jordan v. Morgan (Tex.Civ. App.) 154 S.W. 599; American National Ins. Co. v. Walker (Tex.Civ.App.) 81 S.W. (2d) 1061. But, even if the special findings be treated as contradictory of the general issues submitting the 10-year statute of lim-

itation, still the special findings of recognition must be given controlling effect. In such case the general finding is treated as a mere legal conclusion, the effect of which is destroyed by the adverse finding of a controlling fact upon which such conclusion rests. Houston Oil Co. v. Howard (Tex. Civ.App.) 256 S.W. 340, affirmed (Tex. Com.App.) 294 S.W. 848; Vernon's Ann. Civ.St. art. 2211."

It is our conclusion that appellees' questions submitted to the jury were determinative issues, and that there was no conflict in the jury's verdict.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.