Matiana C. BUSTAMANTE, Appellant,

v.

Elodia GUTIERREZ FLORES and Maurilio Sergio Gutierrez, Appellees.

No. 04-88-00035-CV.

Court of Appeals of Texas, San Antonio.

May 10, 1989.

Rehearing Denied June 15, 1989.

Hector Leal, Jr., Leal & Bratt, Laredo, for appellant.

Richard R. Gonzales, Hebbronville, Arturo A. Figueroa, Zapata, for appellee.

Before CADENA, C.J., and PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a judgment in a trespass to try title suit.

Appellees filed suit in district court seeking injunctive relief and for title to the property in question located in Zapata County, Texas. Appellant plead title to the property by adverse possession under the 10 year statute. TEX.CIV.PRAC. & REM. CODE ANN. 16.026(b) (Vernon 1986). After a bench trial the court entered final judgment for the appellees finding: 1) appellant did not possess the property under claim of right; 2) the possession of the land was not continuous; 3) appellant recognizes the superior title of appellees' decedent and predecessor in title; and 4) there was no overt action or written notice to appellees that appellant claimed the property. After appellant's motion for new trial was overruled by operation of law, this appeal followed.

The record reflects that appellant entered into an oral contract for the purchase of a city lot from the previous title owner, EMILIA GUTIERREZ, on January 7, 1962, at which time appellant paid $157.50 of the purchase price of $275.00 and took possession of the property. Appellant owned title to the adjacent lot, on which her house is located, having purchased it from EMILIA GUTIERREZ in cash at the same time. On August 9, 1964, appellant made payment of an additional $25.00, receipt acknowledged, against the purchase price, and no further payments were ever made.

Between 1962 and 1964, on the lot in question, appellant planted 4–7 fruit trees and placed a telephone pole and butane tank for service to her house on the adjoining lot. During the succeeding years appellant maintained the lot. No permanent improvements were ever placed on the lot by appellant. In 1985 appellees fenced the lot next to appellant's house and appellant's son removed the fence. Appellees filed this suit in 1986.

Emilia Gutierrez died intestate on November 18, 1970, leaving her children as her heirs-at-law which included the two appellees herein.

Appellant, Emilia Gutierrez and appellee were all adjoining neighbors with the property in question being an adjoining unfenced lot.

Appellee, Elodia Gutierrez Flores, testified that on February 10, 1986, appellant delivered to appellee the $25.00 cancelled check and receipt and told appellee that she (appellant) no longer wanted the lot in question. Appellant's testimony concerning the event was as follows:

Q: —and the check that you have there, did you give those receipts back to anybody since you got them in '62 and in '64?

A: No.

Q: You have never given them to anybody?

A: No.

Q: You didn't give them to the plaintiff here?

A: No.

Q: You didn't give them to her on February the 10th, 1986?

A: I don't remember.

Q: So you have never given those documents, the check and the receipt, to anyone since you got them in '62 and in '64, is that correct?

A: I don't remember.

Q: You don't remember at all.

A: No.

Q: But you do remember very clearly that you talked to Armando that you gave him the payments and this was back 1962 and that you got a receipt and that you got a check, is that correct?

A: Yeah.

Q: But you don't remember something that happened last year.

Q: No.

Appellant asserts five points of error:

## I.

THE COURT ERRED IN FINDING THAT THE APPELLANT HAD NO CLAIM OF RIGHT TO THE PROPERTY IN QUESTION BECAUSE THE UNCONTROVERTED EVIDENCE ADDUCED AT THE TRIAL ESTABLISHED THAT APPELLEES' RIGHT OF ACTION BEGAN MORE THAN 10

YEARS BEFORE SUIT WAS COMMENCED.

## II.

THE COURT ERRED IN FINDING THAT APPELLANT'S POSSESSION OF THE LAND WAS NOT CONTINUOUS.

## III.

THE COURT ERRED IN FINDING THAT APPELLANT RECOGNIZED THE SUPERIOR TITLE OF EMILIA FLORES DE GUTIERREZ.

## IV.

THE COURT ERRED IN FINDING THAT THERE WAS NO OVERT ACTION OR WRITTEN NOTICE TO APPELLEES THAT APPELLANT CLAIMED THE LAND IN CONTROVERSY.

## V.

THE COURT ERRED IN ENTERING A JUDGMENT AWARDING THE PROPERTY TO APPELLEES AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

Appellant couches and argues her first point of error in terms of "uncontroverted evidence" and "undisputed evidence." Points 2, 3, 4 and 5 contend that the trial court erred in finding that the requirements of Sections 16.021 and 16.026 (ten-year statute of limitations) were not met by appellant and are against the great weight and preponderance of the evidence.

■ In determining whether a finding is against the great weight and preponderance of the evidence, we consider and weigh all the evidence and will set aside the judgment only if we conclude that the finding is clearly wrong and unjust.

■ In evaluating appellant's evidentiary points we recognize that in the trial court, appellant had the burden to prove the statutory requirements by a preponderance of the evidence in order to prevail on her adverse possession claim. *Radford v.*

*Garza,* 586 S.W.2d 656, 660 (Tex.Civ.App.—Corpus Christi 1979, no writ).

■ In order to establish title by adverse possession under the ten-year statute of limitations, appellant was required to prove that for at least ten years she held the land continuously; cultivated, used, or enjoyed the land; exercised exclusive domain over the land; and appropriated the land under a claim of right that is inconsistent with and hostile to the claim of another. TEX. CIV.PRAC. & REM.CODE ANN. §§ 16.021, 16.026 (Vernon 1986).

It is undisputed that appellant's entry onto the lot in 1962 was with the permission of Emilia Gutierrez, having purchased the same via an oral installment contract.

■ When an adverse claimant enters upon land without asserting a claim at the outset, his possession of the land was not "commenced under a claim of right inconsistent with and hostile to the claim" of the owner within the meaning of the ten year statute. *Doherty v. Jensen,* 174 S.W.2d 77 (Tex.Civ.App.—Galveston 1943), *aff'd in part and rev'd in part sub nom.; Pearson v. Doherty,* 143 Tex. 64, 183 S.W.2d 453 (1944). Further, where such adverse claimant recognizes the owner's title after his entry on said land, his claim has not been "continued" under a claim of right. *Doherty v. Jensen, supra.*

In both of the above instances, before a limitation claim can prevail against the record owner of the land, the claimant must prove (1) a repudiation of the owner's title and commencement of the assertion of an open and notorious claim to the land, *Mosley v. Gulf Production Co.,* 111 S.W.2d 726 (Tex.Civ.App.—Texarkana 1937, writ dism'd); *Doherty v. Jensen, supra;* (2) with notice thereof clearly brought home to the owner, either actually or constructively, *Wright v. Wallace,* 700 S.W.2d 269 (Tex. App.—Corpus Christi 1985, writ ref'd n.r. e.); *Doherty v. Jensen, supra;* and (3) with the further proof that there had been adverse possession of the land for the necessary limitation period subsequent to the time of notice, *Doherty v. Jensen, supra.*

■■■ No matter how exclusive and hostile to the true owner possession may be in appearance, it is not adverse unless accompanied by intent on the part of the occupant to make it so. *Clayton v. Reamer,* 153 S.W.2d 1020 (Tex.Civ.App.—Beaumont 1941, writ ref'd w.o.m.). And mere use, no matter how long continued, will not satisfy requisites of adverse possession; rather, use must be adverse for the statutory period, *Davis v. Carriker,* 536 S.W.2d 246 (Tex. Civ.App.—Amarillo 1976, writ ref'd n.r.e.). In the instant case there is no evidence when if at all the adverse possession commenced. Appellant alleges that it commenced in 1962 or if not then in 1970 at the time of the death of her seller. Adverse possession could not have commenced in 1962 because appellant's entry was permissive nor in 1970 without notice of a repudiation of the record owner's title and commencement of the assertion of an open and notorious claim. The appellant's planting of the fruit trees and placing of a telephone pole and butane tank all between 1962–1964, while appellant was a permissive user, was no evidence of a repudiation of the record owner's title and commencement of appellant's assertion of an open and notorious claim nor did the same impart any constructive notice of such. While appellant's removal of appellees' fence in 1985 is evidence of notice of repudiation and commencement of a adverse possession assertion, appellees' filing of suit shortly thereafter in 1986 tolled the statute and there is no proof that appellant adversely possessed the property for the necessary limitation period subsequent to the (1985) time of notice.

Appellant's points of error are overruled.

The judgment of the trial court is affirmed.

CADENA, Chief Justice concurring.

I agree that the trial court's finding that appellant failed to prove title by adverse possession is not against the great weight and preponderence of the evidence.