



# MEMORANDUM OPINION

No. 04-09-00497-CV

Eva **MARTINEZ** and Mary Alice Alcorta, Individually and
as Independent Executrix of the Estate of Tomas A. Fuentes, Deceased,
Appellants

v.

Guadalupe **GALVAN** and Reynaldo Alcorta,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-16254
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 7, 2010

REVERSED AND RENDERED

Eva Martinez and Mary Alice Alcorta, Individually and as Independent Executrix of the

Estate of Tomas A. Fuentes, Deceased, appeal a judgment decreeing that Guadalupe Galvan and

Reynaldo Alcorta ("Alcorta") were vested with title to a certain tract of real property.  The

judgment is based on a jury's finding that Galvan and Alcorta held the property in peaceable and

adverse possession for a period of ten years.  Because the evidence is legally insufficient to

support the jury's finding that the possession of the property by Galvan and Alcorta was adverse

and hostile to the Eva Martinez's ownership of record title, we reverse the trial court's judgment and render a take nothing judgment.[1]

## BACKGROUND

Eva Martinez and her father, Tomas Fuentes, Sr., jointly purchased a house in 1988. Martinez lived in the house for approximately one year before moving to California. The testimony was conflicting as to whether Martinez was one month or four months behind on her mortgage payment in 1992, but the evidence is undisputed that Martinez allowed Galvan to move into the house if Galvan agreed to pay the mortgage payments. The parties disagree, however, about the details of the arrangement.

According to Martinez, she told Galvan she could move into the house if she would make the mortgage payments, and Galvan could buy the house later if she wanted. Martinez testified that she offered to sell the house to Galvan and Alcorta on numerous occasions, but they never did anything. According to Galvan and Alcorta, Martinez told them the house was theirs if they paid the mortgage payments.

The evidence is undisputed that neither Martinez nor Fuentes went to the house until Martinez went by to inquire about a late mortgage payment in 2006. The evidence also is undisputed that neither Martinez nor Fuentes had keys to the house. Galvan and Alcorta testified regarding the numerous improvements they made to the house, including adding a driveway and a private fence, painting the interior and exterior of the house, and converting the garage into an additional bedroom.

After Martinez sent a notice that she intended to take possession of the house in February of 2007, Alcorta filed a notice of interest in property in the deed records. Martinez subsequently

---

[1] We do not address the second issue raised by the appellants relating to the exclusion of a requested question from the jury charge because it is not necessary to our disposition of this appeal. TEX. R. APP. P. 47.1.

filed a forcible entry and detainer action which is pending on appeal. In October of 2007, Galvan and Alcorta filed the underlying trespass to try title case in which they asserted a claim for adverse possession but not for breach of an oral contract or fraud. *See Chau v. Tran*, No. 01-98-01325-CV, 2001 WL 392690 (Tex. App.—Houston [1st Dist.] Apr. 19, 2001, no. pet.). After a jury found that Galvan and Alcorta had been in peaceable and adverse possession of the property for ten years, the trial court entered a judgment in favor of Galvan and Alcorta.

## DISCUSSION

"The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In reviewing a legal sufficiency challenge, "appellate courts must view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* at 807. "For legal sufficiency points, if there is more than a scintilla of evidence to support the finding, the no evidence challenge fails." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

In order to establish adverse possession under the ten-year adverse possession statute, a plaintiff must prove: (1) actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) involves continuous cultivation, use, or enjoyment for ten years. *See Tran v. Macha*, 213 S.W.3d 913, 914 (Tex. 2006); *Kazmar v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Therefore, to establish adverse possession, a claimant must enter the land with a claim of right that is hostile and inconsistent with the claim of another person. *Kazmar*, 288 S.W.3d at 561.

In this case, it is undisputed that Galvan's and Alcorta's entry onto the property in 1992 was with Martinez's permission having entered into some arrangement whereby Galvan and Alcorta could purchase the property by paying the mortgage payments. This court addressed a similar situation in *Bustamante v. Gutierrez Flores*, 770 S.W.2d 934 (Tex. App.—San Antonio 1989, no writ). In that case, Matiana Bustamante entered into an oral contract for the purchase of a lot from the previous title owner, Emilia Gutierrez, for $275.00. *Id*. at 936. Bustamante paid $157.50 of the purchase price on January 7, 1962, and took possession of the property. *Id*. On August 9, 1964, Bustamante made one additional payment of $25.00, but made no other payments thereafter. *Id*. In 1985, the appellees, who were Gutierrez's heirs-at-law, fenced the lot, and Bustamante's son removed the fence. *Id*. The appellees then sued Bustamante seeking injunctive relief and to clear title. *Id*. at 936. Bustamante counter-claimed that she owned title to the property by adverse possession under the 10 year statute. *Id.*

This court noted that it was undisputed that Bustamante's entry onto the lot in 1962 was with the permission of Gutierrez, having purchased the lot via an oral installment contract. *Id*. at 937. When an adverse claimant enters upon land without asserting a claim at the outset, the claimant's possession of the land is not commenced under a claim of right inconsistent with and hostile to the claim of the owner within the meaning of the ten year adverse possession statute. *Id*. Therefore, in order for the adverse claimant to prevail against the record owner, the adverse claimant must prove: (1) a repudiation of the owner's title and commencement of the assertion of an open and notorious claim to the land; (2) with notice thereof clearly brought home to the owner, either actually or constructively; and (3) with the further proof that there had been adverse possession of the land for the necessary limitation period subsequent to the time of notice. *Id*.

"No matter how exclusive and hostile to the true owner possession may be in appearance, it is not adverse unless accompanied by intent on the part of the occupant to make it so." *Id*. at 938. "And mere use, no matter how long continued, will not satisfy [the] requisites of adverse possession; rather, use must be adverse for the statutory period." *Id*.

In this case, there is no evidence that adverse possession ever commenced before Alcorta filed the notice of interest in property in February of 2007. Prior to the filing of that notice, there is no evidence in the record that Galvan and Alcorta repudiated Martinez's ownership or brought notice of such a repudiation home to Martinez. Under the circumstances of this case, mere use of the property and payment of the mortgage payments pursuant to a prior agreement is legally insufficient evidence to establish an adverse or hostile claim.[2]

Although the requirements to prove adverse possession appear harsh given the circumstances of this case, the doctrine itself is a harsh one because it results in "taking real estate from a record owner without express consent or compensation." *Tran*, 213 S.W.3d at 915. "Before taking such a severe step, the law reasonably requires that the parties' intentions be very clear." *Id*.

## CONCLUSION

Because no evidence was presented to prove that Galvan and Alcorta repudiated Martinez's title or brought home such notice to Martinez, the evidence is legally insufficient to support the jury's finding that Galvan and Alcorta held the property in question in peaceable and adverse possession for a period of ten years. Accordingly, the trial court's judgment is reversed,

---

[2] We note that Martinez and her father purchased the property for $26,000.00. At the time of trial, $16,000.00 remained owing on the mortgage.

and judgment is rendered that Galvan and Alcorta take nothing in regard to their trespass to try title claim based on adverse possession.

Phylis J. Speedlin, Justice